IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-42,793-04






EX PARTE JOSEPH MICHAEL STERLING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 886600-A IN THE 185TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to comply with sexual
registration requirements and sentenced to twenty-seven years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. Sterling v. State, No. 07-02-00183-CR (Tex. App. - Amarillo, April
3, 2003, pet. ref'd).

 Applicant contends, inter alia, that the State presented no evidence of an element of the offense,
specifically that Applicant had been two or more times convicted of a sexually offense. Under former
Article 62.06(a) of the Texas Code of Criminal Procedure, proof of two convictions for sexually violent
offenses was required in order to show that the defendant was required to verify registration every 90 days. 
Only if the defendant was required to verify registration every 90 days would the offense of failure to
comply with the registration requirements be a second degree felony under former Article 62.10(a)(3). 
Applicant alleges that the State presented proof of only one prior conviction for a sexually violent offense. 
While challenges to the sufficiency of the evidence are not cognizable on habeas review, Applicant also
alleges that his sentence as a habitual felony offender was unauthorized, and that his trial counsel was
ineffective for failing to investigate and challenge the validity of the enhancement allegations.

 The trial court has entered findings of fact and conclusions of law, and recommends denying relief. 
However, the habeas record is not sufficient to address all of Applicant's claims, and the trial court's
findings are therefore not entirely supported by the record.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the indictments and judgments
in each of the causes used as "reportable convictions" and enhancements in this cause, including cause nos.
446887, 438879, and 776887. The trial court shall make findings of fact as to what evidence the State
presented to prove the two sexually violent offenses required to make the instant offense a second degree
felony. The trial court shall also make findings as to whether Applicant had more than two prior convictions
for sexually violent offenses, and if so, shall provide copies of the judgments in each of those causes. If
Applicant did not have more than two convictions for sexually violent offenses, the trial court shall make
findings as to whether there were two other prior sequential felony convictions that could have been used
to enhance punishment to habitual felony level in this cause. If there were no other such convictions, the
trial court shall make findings as to why trial counsel failed to object to the indictment and to Applicant's
punishment as a habitual felony offender in this cause. The trial court shall then make findings as to whether
the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: October 31, 2007

Do not publish